UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SALLY HA,<br><br>            Plaintiff,<br><br>    v.<br><br>NEW CINGULAR WIRELESS PCS, LLC,<br><br>            Defendant. | Case No. 24-cv-00135-VKD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

Plaintiff Sally Ha, who is representing herself, sues her cell phone service provider, defendant New Cingular Wireless PCS, LLC. dba AT&T Mobility ("AT&T"), for breach of contract.[1] Dkt. No. 1. AT&T has filed a motion to dismiss Ms. Ha's complaint for failure to state a claim. Dkt. No. 8. Ms. Ha opposes the motion. Dkt. No. 12.

The Court finds the motion to dismiss suitable for decision without oral argument. *See* Civil L.R. 7-1(b). Upon consideration of the moving papers and the applicable law, the Court grants AT&T's motion and dismisses Ms. Ha's complaint, with leave to amend.[2]

**I.    BACKGROUND**

The following facts are based on the allegations in Ms. Ha's complaint.

On December 6, 2017, Ms. Ha opened an account with AT&T and entered into a

---

[1] Ms. Ha's complaint also refers to a "breach of fiduciary duty" and invokes "Federal Reserve Section 29 [12 U.S.C. § 504]." *See* Dkt. No. 1 ¶¶ 22, 23. In her opposition, Ms. Ha clarifies that she only asserts a breach of contract claim. Dkt. No. 12 at 6-7.

[2] All named parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 6, 11.

"consumer service agreement" with the company.  Dkt. No. 1 ¶¶ 6-7, Ex. R.  On July 5, 2023, Ms. Ha entered into an additional agreement, the "installment agreement," with AT&T to finance the purchase of a new cell phone.  *Id.* ¶¶ 8-9, Exs. P, Q.

On August 22, 2023, Ms. Ha sent AT&T an "Indorsed [sic] bill of exchange for account #436148411568," a "Tender of payment titled 'Letter of Credit Claim,'" and a "Certified copy of Durable Power of Attorney."  *Id.* ¶ 15, Exs. A-C.  According to Ms. Ha, these documents "claim[ed] all titles, rights interests and equity and instructed for positive credits to be transferred to the due account."  *Id.* ¶ 15.

Ms. Ha made a second mailing to AT&T on September 11, 2023, this time sending an additional bill of exchange, a "Tender of payment titled 'Opportunity to Cure,'" and "Federal Reserve Section 29 [12 U.S.C. § 504]."  *Id.* ¶ 16, Exs. E-G.  She made a third mailing on September 25, 2023, including another bill of exchange, a "Tender of payment titled 'Notice of Default,'" and "Federal Reserve Section 16 [and] Section 29 [12 U.S.C. §§ 411-12, 504]."  *Id.* ¶ 17, Exs. G, I-K.

AT&T responded to Ms. Ha's mailings in a November 20, 2023 letter stating that it "respectfully dispute[s] all your claims and decline[s] all demands," and noting that the consumer service agreement governed the company's relationship with Ms. Ha.  *Id.* ¶ 18, Ex. M.  On December 13, 2023, AT&T sent Ms. Ha a "suspension notice," informing her that her account showed a total amount due of $1341.96, including a past due balance of $919.74, and warning that the company "may suspend your service . . . if any portion of the balance . . . is still past due 60 days from the date of this notice."  *Id.* ¶ 19, Ex. N.  Ms. Ha then made payments of $919.74 and $422.22 to AT&T on December 13 and 20, 2023.  *Id.* ¶¶ 20-21, Ex. O.

In her complaint, Ms. Ha alleges that AT&T breached its agreements with her by "disregarding all notices and refus[ing] to transfer [her] positive credits to the due account when directed on multiple occasions" and by "not utilize[ing] the endorsed bill of exchange and accompanying tender in compliance with Federal Reserve Section 16 as a form of payment."  *Id.* ¶ 22.  She asks the Court to order AT&T "to correct and balance out the account by transferring the principal balance to the principal account each month . . . [and] . . . act justly and operate in

good faith when doing business with [her]" and to award her actual damages, a penalty of $1,000,000 for each day AT&T was in breach pursuant to "Federal Reserve Section 29 [12 U.S.C. § 504]," and attorneys' fees of $7,500. *Id.* ¶ 23. Ms. Ha invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), claiming that she and AT&T are citizens of different states and the amount in controversy exceeds $75,000. *Id.* ¶ 1.

## II.     LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). At the motion to dismiss stage, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.*

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). Implausible claims for relief will not survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This is particularly true with respect to the factual allegations in a pro se complaint. *Chambers v. C. Herrera*, 78 F.4th 1100, 1108 (9th Cir. 2023). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by

3

amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (cleaned up).

**III.   DISCUSSION**

To state a claim for breach of contract under California law, a plaintiff must plead (1) the existence of a contract with the defendant, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damages to plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

Ms. Ha alleges the existence of two agreements between herself and AT&T, although it is not clear from her complaint which agreement forms the basis for her claim. Ms. Ha does not plausibly allege any of the other elements of a breach of contract claim. The core of Ms. Ha's legal theory appears to be that, by refusing to accept her "bill of exchange" and the documents that accompanied it as payment for the amount due on her account, AT&T breached its contractual obligations to her. *See* Dkt. No. 1 ¶ 22; Dkt. No. 12 at 4. However, Ms. Ha cites no provision of any agreement that requires AT&T to accept any of these documents as "payment." Indeed, on their face, the materials attached to the complaint do not appear to constitute or evidence payment of any kind to AT&T, with the exception of the payments Ms. Ha made in December 2023. *See* Ex. O (payment history). Other courts have reached the same conclusion in similar cases. *See McElroy v. Chase Manhattan Mortg. Corp.*, 134 Cal. App. 4th 388, 390, 393 (2005) (describing similar "bills of exchange" documents as "worthless piece[s] of paper, consisting of nothing more than a string of words that sound as though they belong in a legal document, but which, in reality, are incomprehensible, signifying nothing"); *see also McGee v. Nissan Motor Acceptance Corp.*, 619 F. App'x 555, 555 (7th Cir. 2015); *Slaughter v. US Cellular*, No. 23-cv-1642-PP, 2023 WL 9051307, at *3 (E.D. Wis. Dec. 29, 2023); *Bettis v. Treasurer of United States*, No. 23-cv-7947 PA (PVCx), 2023 WL 7345773, at *1 (C.D. Cal. Nov. 6, 2023); *Harp v. Police & Fire Fed. Credit Union*, No. 23-cv-2577, 2023 WL 5152625, at *3 (E.D. Pa. Aug. 10, 2023); *Castillo v. Puget Sound Energy*, No. 23-cv-00479 RSM, 2023 WL 3318589, at *1 (W.D. Wash. May 9, 2023). Further, Ms. Ha alleges no plausible basis for recovery of contractual damages or for an award of "penalties" against AT&T under the Federal Reserve Act.

Accordingly, because Ms. Ha fails to sufficiently allege that she performed all her

4

obligations under any agreement with AT&T, or that AT&T breached any of its obligations to her under the same agreement, or that she has suffered compensable damages for any such breach, she fails to state a claim for breach of contract.

## IV. CONCLUSION

The facts alleged in Ms. Ha's complaint do not support a cognizable legal theory under which AT&T could be liable for breach of contract. Therefore, the Court grants AT&T's motion to dismiss. While the Court has serious doubts that Ms. Ha will be able to cure the deficiencies described above, it is not "absolutely clear" that amendment would be futile. *Chambers*, 78 F.4th at 1107. Accordingly, the Court will permit Ms. Ha to file an amended complaint correcting these deficiencies by no later than **April 5, 2024**. The amended complaint must identify the contract or contracts at issue, and must plausibly allege the other elements of a breach of contract claim. The amended complaint must also include the caption and civil case number used in this order, Case No. 24-cv-00135-VKD, and the words "AMENDED COMPLAINT" on the first page.

Ms. Ha is advised that the amended complaint will supersede the original complaint, the latter being treated thereafter as non-existent. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

If Ms. Ha fails to file an amended complaint in time, or if the amended complaint fails to cure all defects described above, the Court may issue an order dismissing the case in whole or in part for failure to state a claim.

**IT IS SO ORDERED.**

Dated: March 6, 2024

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge