UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SALLY HA,<br><br>        Plaintiff,<br><br>    v.<br><br>NEW CINGULAR WIRELESS PCS, LLC,<br><br>        Defendant. | Case No. 24-cv-00135-VKD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Re: Dkt. No. 16 |

Plaintiff Sally Ha, who is representing herself, sues her cell phone service provider, defendant New Cingular Wireless PCS, LLC dba AT&T Mobility ("AT&T"), for breach of contract. Ms. Ha filed her original complaint on January 8, 2024. Dkt. No. 1. AT&T moved to dismiss for failure to state a claim (Dkt. No. 8) and on March 6, 2024, the Court granted the motion and dismissed Ms. Ha's original complaint with leave to amend (Dkt. No. 13). Ms. Ha has now filed an amended complaint. Dkt. No. 15. AT&T again moves to dismiss for failure to state a claim. Dkt. No. 16. Ms. Ha opposes this motion. Dkt. No. 17.

The Court finds the motion to dismiss suitable for decision without oral argument. *See* Civil L.R. 7-1(b). Upon consideration of the moving papers and the applicable law, the Court grants AT&T's motion and dismisses Ms. Ha's complaint, without leave to amend.[1]

**I. BACKGROUND**

The factual allegations in Ms. Ha's amended complaint are substantially the same as those

---

[1] All named parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 6, 11.

in her original complaint. *See* Dkt. No. 13 at 1-3. As relevant to the present motion to dismiss, she alleges the following:

Ms. Ha opened an account with AT&T on December 6, 2017. Dkt. No. 15 ¶ 6. On July 5, 2023, she entered into an "installment agreement" with the company to finance the purchase of a new cell phone. *Id.* ¶¶ 7-8; *see also id.* at ECF 34-38 (agreement).

On August 22, 2023, Ms. Ha sent AT&T an "Indorsed [sic] bill of exchange for account #436148411568," a "Tender of payment titled 'Letter of Credit Claim,'" and a "Certified copy of Durable Power of Attorney." *Id.* ¶ 12. According to Ms. Ha, these documents "performed her contractual obligation to the account that was created with her security collateral." *Id.* Ms. Ha sent similar mailings to AT&T on September 11, 2023 and September 25, 2023. *Id.* ¶¶ 13-14.

AT&T did not accept these documents as payment and responded to Ms. Ha's mailings with a November 20, 2023 letter stating that it "respectfully dispute[s] all your claims and decline[s] all demands." *Id.* ¶ 15. Ms. Ha claims that she was then "forced to donate . . . cash payment[s]" of $919.74 and $422.22 to AT&T on December 13, 2023 and December 20, 2023 "in order to protect the account from any unlawful closures done by defendant." *Id.* ¶¶ 16-17.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). At the motion to dismiss stage, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.*

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). Implausible claims for relief will not survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the

1   pleader is entitled to relief." Fed. R. Civ. P. 8(a).  However, "[t]hreadbare recitals of the elements
2   of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at
3   678.  "The court is not required to accept legal conclusions cast in the form of factual allegations if
4   those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness*
5   *Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

6       Pro se pleadings are liberally construed and held to a less stringent standard than those
7   drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This is particularly true with
8   respect to the factual allegations in a pro se complaint. *Chambers v. C. Herrera*, 78 F.4th 1100,
9   1108 (9th Cir. 2023).  "[A] district court should not dismiss a pro se complaint without leave to
10  amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by
11  amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (cleaned up).

## III.   DISCUSSION

To state a claim for breach of contract under California law, a plaintiff must plead (1) the existence of a contract with the defendant, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damages to plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

In its order dismissing Ms. Ha's original complaint, the Court concluded that, while Ms. Ha plausibly alleged the existence of a contract between herself and AT&T, she "[did] not plausibly allege any of the other elements of a breach of contract claim." Dkt. No. 13 at 4.  In particular, the Court rejected Ms. Ha's contention that AT&T breached its contractual obligations to her by refusing to accept her "bill of exchange" and the documents that accompanied it as payment for the amount due on her account. *Id.*  The Court also observed that "the materials attached to the complaint do not appear to constitute or evidence payment of any kind to AT&T, with the exception of the payments Ms. Ha made in December 2023." *Id.* .

Ms. Ha's amended complaint relies on the same documents and virtually identical legal theories as her original complaint.  She asserts that the installment agreement "grant[ed] her all the rights associated with being a private investor of [AT&T] while granting [AT&T] a security interest." Dkt. No. 15 ¶ 8.  She also claims that AT&T "provides dividend payments in the form

3

of remittance coupons (another form of security) each month to plaintiff for investing in the company." *Id.* ¶ 10. With respect to the AT&T billing statements for her account, Ms. Ha claims that she had two options: she could "donate cash" to AT&T, or she would "receive credits every 30 days by [AT&T] in the form of monthly coupons, which may be utilized to transfer to the due account." *Id.* ¶ 11. She then asserts that she "performed her obligation [under the contract] by sending in notices with her restrictively indorsed [sic] bill of exchange" and that AT&T "failed to perform by disregarding all notices." *Id.* ¶ 18.

As in her original complaint, Ms. Ha fails to plausibly allege that she performed all her obligations under the installment agreement with AT&T or that AT&T breached its obligations to her under the same agreement. No provision of the installment agreement requires AT&T to accept Ms. Ha's "notices" and their attachments as payment, nor is there any support for Ms. Ha's claim that the agreement requires AT&T to "utilize the security interest and proceeds accrued from the security collateral" that she claims to have provided to AT&T.

None of the other arguments in Ms. Ha's opposition address these fundamental problems with her breach of contract claim. Seizing on a reference to the District of Columbia Municipal Regulations in the installment agreement, she argues that AT&T was required to accept her "bill of exchange" under those regulations. Dkt. No. 17 at 3; Dkt. No. 15 at ECF 36. Nothing in the agreement or in the regulations supports her contention. Ms. Ha also argues that AT&T violated provisions of the Uniform Commercial Code by failing to honor her "bill of exchange," which she asserts is a "negotiable instrument" and "recognized as a form of payment." Dkt. No 17 at 5. However, nothing in the UCC provides that such a document must be accepted as payment. *See, e.g.*, *Matchynski v. Ocwen Loan Servicing*, No. 13-cv-1915-BEN WMC, 2014 WL 202625, at *3-4 (S.D. Cal. Jan. 16, 2014) (collecting cases).

**IV.   CONCLUSION**

The facts alleged in Ms. Ha's amended complaint do not support a cognizable legal theory under which AT&T could be liable for breach of contract. "[L]acking an arguable basis either in law or in fact," her breach of contract claim is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, the Court grants AT&T's motion to dismiss. Because it is now "absolutely

Case 5:24-cv-00135-VKD   Document 18   Filed 05/10/24   Page 5 of 5

clear" that further amendment would be futile, *see Chambers*, 78 F.4th at 1107, the Court dismisses the amended complaint without leave to amend.

The Clerk of Court is directed to close the file.

**IT IS SO ORDERED.**

Dated: May 10, 2024

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

5